IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,980-01






EX PARTE JULES TAYLOR III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 85988 IN THE 252ND DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). After a motion to adjudicate, Applicant was
adjudicated guilty, convicted of aggravated assault, and sentenced to seventy-five years'
imprisonment. At the time of the adjudication, defendants were unable to appeal adjudication of
deferred adjudication community supervision. Tex. Code Crim. Proc. 42.12 §5(b) (2003).

 Applicant contends that his plea was involuntary, that counsel was ineffective, and that his
sentence is illegal. Applicant's allegations center around his contention that he was not properly
admonished that he faced punishment for a first-degree felony upon adjudication. Applicant was
charged with one count of aggravated assault, a second-degree felony. Tex. Pen. Code § 22.02(a)
(2001). The charging instrument contained three additional paragraphs containing three enhancement
allegations. The plea agreement stated that prosecution is to proceed "only on counts 1 & 2." At the
plea hearing, the State noted, "So the record's clear, they're pleading to Counts 1 and 2." The
Applicant asked "what's counts 1 and 2?" Defense counsel answered that applicant was "pleading
to Count 2, no contest to Count 1." The Court then had Applicant affirm that he fully understood
everything he was doing. The punishment range indicated on the plea admonishments suggest that
applicant was admonished that he faced first-degree felony punishment, but second-degree felony
punishment was also marked but crossed out on the document. The habeas record does not contain
the original judgment from the time Applicant was placed on deferred adjudication community
supervision and the adjudication judgment contains no findings concerning any enhancement
allegations. The State argues that the "second count" referred to was an enhancement paragraph. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel addressing Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary and that trial counsel was ineffective. The trial court shall make
specific findings addressing whether Applicant's "pleading to Count 2, no contest to Count 1"
functioned as a plea of true to an enhancement allegation and no contest to aggravated assault. The
trial court shall make specific findings as to whether counsel advised Applicant about the applicable
punishment range and whether Applicant understood that his plea agreement to proceed on "Counts
1 & 2" was tantamount to a plea of "true" to an enhancement allegation and guilty or no contest to
the charged offense. The trial court shall also make specific findings of fact as to whether there was
a finding of "true" to any enhancement allegation. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
initial judgment placing Applicant on community supervision, all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition, along with the trial
court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court.




Filed: March 7, 2012

Do not publish